*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NADER KOURANI,

        Plaintiff-Appellant,

v

AMERICAN SELECT INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
January 22, 2026
1:18 PM

No. 373757
Wayne Circuit Court
LC No. 22-003970-NI

Before: GADOLA, C.J., and REDFORD and RICK, JJ.

PER CURIAM.

In this first-party no-fault action, plaintiff appeals as of right the trial court's order dismissing his claims against defendant following the entry of an order granting partial summary disposition to defendant under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTUAL BACKGROUND

The underlying facts of this case are undisputed. On September 12, 2021, plaintiff was injured in a motor vehicle accident. Plaintiff was subsequently treated for his injures at Northland Radiology from March 29, 2022 through June 22, 2023. Every time he attended treatment, he executed an assignment of rights form, assigning his right of recovery to Northland Radiology. At the time of the accident, plaintiff was insured by defendant.

On April 5, 2022, plaintiff filed a complaint, asserting a claim for uninsured and underinsured motorist benefits against defendant. On August 4, 2022, plaintiff filed an amended complaint, adding a claim for first-party no-fault benefits. Defendant moved for summary disposition, arguing that given the executed assignments, Northland Radiology was the real party in interest to pursue the charges that plaintiff incurred at its facility. In response, plaintiff provided a sworn affidavit signed by a representative of Northland Radiology. The representative stated that, following the Michigan Supreme Court's decision in *Covenant Med Center, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), Northland Radiology began requiring that its patients sign an assignment of rights form when receiving treatment. In 2019, the Legislature effectively overruled *Covenant* by amending MCL 500.3112 to give healthcare providers a direct cause of action for reimbursement for their services. See MCL 500.3112, as

amended by 2019 PA 21. Even so, Northland Radiology continued to provide assignment of rights forms to its patients. However, a representative for Northland attested that it never viewed the alleged assignments as valid and enforceable. As a result, it did not act to enforce the alleged assignments.

On November 13, 2023, the trial court heard arguments and held that the assignments were valid and enforceable, and the affidavit of the Northland Radiology representative did not constitute a proper revocation of those assignments. The court further reasoned that if a proper revocation was obtained, plaintiff would be precluded from obtaining no-fault benefits barred by the one-year back rule. Accordingly, the trial court entered an order on November 16, 2023, barring claims for any expenses incurred at Northland Radiology before November 13, 2022.

On December 7, 2023, plaintiff applied for leave to appeal. This Court denied leave on May 3, 2024. The parties later stipulated to dismissal on November 25, 2024. This appeal followed.

## II. ANALYSIS

Plaintiff argues that defendant cannot enforce the assignment of rights between plaintiff and Northland Radiology because defendant was not a party to that agreement. We disagree.

"This Court reviews de novo motions for summary disposition." *Reese v James*, 348 Mich App 454, 459; 19 NW3d 386 (2023). Summary disposition under MCR 2.116(C)(10) is appropriate where, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), this Court considers the parties' documentary evidence "in the light most favorable to the party opposing the motion." *Id*. (quotation marks and citation omitted).

In support of his argument, plaintiff relies on a decision by the Sixth Circuit Court of Appeals in *DAGS II, LLC v Huntington Nat Bank*, 616 Fed Appx 830 (CA 6, 2015).[1] Decisions of the lower federal circuits are not binding on this Court, but may be considered for their persuasive authority. *Donbrowski v Transamerica Life Ins Co*, 347 Mich App 92, 102; 13 NW3d 895 (2023). We do not find plaintiff's reliance on *DAGS II* persuasive. In *DAGS II*, the Sixth Circuit reaffirmed the rule "that a third party may not challenge the validity of an assignment." *Id*. at 835. In the instant case, defendant is not challenging the validity of the assignment. Rather, defendant is asserting that the assignment exists, and that because the assignment exists, plaintiff is not the real party in interest.

Under MCR 2.201(B)(1), "[a]n action must be prosecuted in the name of the real party in interest . . . ." This Court has explained that "[a] real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *In re Beatrice Rottenberg Living Trust*, 300 Mich App 339, 356; 833 NW2d 384 (2013). Relevant here is our Supreme Court's recent ruling in *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*,

___ Mich ___; ___ NW3d ___ (2025) (Docket Nos. 165537, 165538, and 165964).[1]  There, the plaintiff assigned a portion of her first-party no-fault claims to her medical providers.  *Id*. at ___; slip op at 4.  After she assigned these claims, she filed suit seeking first-party no-fault benefits for treatment related to services from several providers, including those to which she assigned claims.  *Id*. at ___; slip op at 9.  The trial court deferred its ruling to give the plaintiff time to revoke the assignments.  *Id*.  After the plaintiff obtained mutual rescissions from her providers, the trial court denied the defendant's motion for summary disposition.  *Id*.  This Court reversed, holding that "when plaintiff obtained the revocations, each provider's right to collect on those claims for benefits had already been extinguished by the one-year-back rule."  *Wallace v Suburban Mobility Auth for Regional Transp*, 347 Mich App 380, 391; 15 NW3d 306 (2023).

On appeal, our Supreme Court reversed this Court's ruling "to the extent that it held that Wallace did not have standing and that she could not attempt to reobtain her status as a real party in interest after obtaining mutual rescissions."  *C-Spine Orthopedics*, ___ Mich at ___; slip op at 20.  However, the Court also emphasized that "Michigan courts have long recognized that a plaintiff who assigns a claim cannot then bring suit to collect on that claim as that plaintiff is no longer the real party in interest."  *Id*. at ___; slip op at 10.  The Court further stated, "[t]o be clear, failure to bring suit in the name of the real party in interest is a ground for dismissal."  *Id*. at ___; slip op at 14.  While, "[i]t is possible, in some circumstances, for a plaintiff to cure this defect . . . [a] plaintiff may not fix real party in interest defects by unilateral actions taken outside of the court[.]"  *Id*.  With regard to the mutual rescissions, the Court held that, "because rescission is an equitable remedy, a court would have to balance the equities before granting the relief."  *Id*. at ___; slip op at 19.  As a result, the Court vacated this Court's holding that the plaintiffs' claims were barred by the one-year back rule and remanded to the trial court for a determination of whether equitable rescission should apply.  *Id*. at ___; slip op at 20.

Given the Supreme Court's decision in *C-Spine Orthopedics*, if plaintiff executed valid and enforceable assignment of rights forms and did not take steps to fix the real party in interest defects, his claim for benefits relating to his care at Northland Radiology would be subject to dismissal.  However, plaintiff does not contend that the assignments were revoked or rescinded.  Rather, he only argues that the assignments were not valid and enforceable because Northland Radiology never intended to enforce them.

"As a general matter, courts presume the legality, validity, and enforceability of contracts."  *Coates v Bastian Bros, Inc*, 276 Mich App 498, 507; 741 NW2d 539 (2007).  "An unambiguous contractual provision is reflective of the parties' intent as a matter of law, and if the language of the contract is unambiguous, we construe and enforce the contract as written."  *Id*. (quotation marks and citation omitted).  "[C]ourts are to enforce the agreement as written absent some highly unusual circumstance such as a contract in violation of law or public policy."  *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 197; 920 NW2d 148 (2018) (quotation

---

[1] *C-Spine Orthopedics* was a consolidated appeal of this Court's decisions in *C-Spine Orthopedics PLLC v Progressive Mich Ins Co*, 344 Mich App 626; 2 NW3d 71 (2022), and *Wallace v Suburban Mobility Auth for Regional Transp*, 347 Mich App 380; 15 NW3d 306 (2023).  The analysis in this opinion is limited to the appeal of the *Wallace* decision.

marks and citation omitted). "[O]nly recognized traditional contract defenses may be used to avoid the enforcement of the contract provision." *Id*. (quotation marks and citation omitted).

Plaintiff has not offered any traditional contract defenses that would justify finding that the assignments were not valid and enforceable. At most, plaintiff makes a policy argument, asserting that it would be unjust to enforce the alleged assignments at this point because Northland Radiology would be forced to seek payment from plaintiff personally through a collection action. This argument lacks merit. In *Auto-Owners Ins Co v Compass Healthcare, PLC*, 326 Mich App 595, 611; 928 NW2d 726 (2018), this Court held that any claims that a provider had against a patient for services rendered "would be for payment of services rendered to an injured person 'covered by personal protection insurance' under the no-fault act." The Court further held that, "given our conclusion that any claim by defendants would still fall squarely within the parameters of the no-fault act, defendants' recovery would be subject to the one-year back rule found in MCL 500.3145." *Id*. at 612.

Here, the dates of service at Northland Radiology ranged from March 29, 2022 through June 22, 2023. While Northland Radiology may have had a right to recover from plaintiff at one time, that recovery is subject to the parameters of the no-fault act, including the one-year back rule. Consequently, any right of recovery that Northland Radiology would have against plaintiff expired by June 22, 2024. MCL 500.3145. Plaintiff is therefore not at risk of being unjustly burdened by a collection action from Northland Radiology. Plaintiff has otherwise failed to provide a traditional contract defense against enforcement of the assignments.

When our Supreme Court determined in *C-Spine Orthopedics*, ___ Mich at ___; slip op at 14, that an insurer is entitled to dismissal of a claim when the real party in interest has not brought the claim, there was an implied determination that the party being sued has standing to make that argument. Here, because the terms of the assignment affect who is the real party in interest, the insurer has standing to enforce those terms, despite not being a party to the assignment. Under the terms of that assignment, plaintiff is not the real party in interest. Accordingly, dismissal of plaintiff's claim was proper.

Affirmed.

/s/ Michael F. Gadola
/s/ James Robert Redford
/s/ Michelle M. Rick

-4-